ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
TENESA S. SCATURRO, ESQ.
Nevada Bar No.12488
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: tenesa.scaturro@akerman.com

*Attorneys for The Bank of New York Mellon f/k/a The Bank of New York as Trustee For The Certificateholders of The CWALT, Inc., Alternative Loan Trust 2007-OA2, Mortgage Pass-Through Certificates, Series 2007-OA2*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA2; <br><br> Plaintiff, <br><br> vs. <br><br> NORTHGATE HOMEOWNERS ASSOCIATION; SATICOY BAY LLC, SERIES 4856 MINTURN AVE and NEVADA ASSOCIATION SERVICES, INC., <br><br> Defendants. | Case No.: 2:17-cv-2192 <br><br> **COMPLAINT** <br><br> **JURY DEMANDED** |

Plaintiff The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of The CWALT, Inc., Alternative Loan Trust 2007-OA2, Mortgage Pass-Through Certificates, Series 2007-OA2 (**BNY Mellon**) complains as follows:

## PARTIES AND JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. BNY Mellon is a citizen of New York and on information and belief none of the defendants is a citizen of New York. The amount in controversy exceeds $75,000.

39518656;1

2. BNY Mellon is a New York corporation. Its principal office is in New York. BNY Mellon is a citizen of the state of New York for purposes of diversity of citizenship. The diversity of citizenship requirement is met. *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014). Defendants, Northgate Homeowners Association (**HOA**), Saticoy Bay LLC, Series 4856 Minturn Ave. (**Saticoy**), and Nevada Association Services, Inc. (**NAS**) are on information and belief not citizens of New York. The amount in controversy requirement is met. BNY Mellon seeks a declaration that its deed of trust, which secures a loan with a principal balance in excess of of $293,000.00, was not extinguished by a homeowner's association non-judicial foreclosure sale that is the basis for Saticoy's claim to title to the real property sub judice.

3. Defendant HOA is a Nevada non-profit corporation. BNY Mellon is informed and believes and therefore alleges HOA is the purported beneficiary under an alleged homeowners' association lien recorded February 18, 2011. BNY Mellon is informed and believes and therefore alleges HOA foreclosed on the lien on January 11, 2013.

4. Defendant Saticoy is, on information and belief, a Nevada limited liability company created by Iyad Haddad and managed by Bay Harbor Trust. After a reasonable search, BNY Mellon cannot determine the citizenship of the members of Saticoy, but alleges, on information and belief, it is a citizen of Nevada for diversity purposes. BNY Mellon is informed and believes and therefore alleges Saticoy acquired title to the Property via a Grant, Bargain, Sale Deed recorded September 30, 2013.

5. Defendant NAS is a Nevada corporation with its principal place of business in Nevada. BANA is informed and believes and therefore alleges NAS conducted the foreclosure at issue in this case on behalf of HOA.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 for reasons stated above.

7. Venue is proper in this Court under 28 U.S.C. §1391. The property that is the subject of this action is located at 4856 Minturn Avenue, Las Vegas, NV 89130 (**the property**). Venue is proper in this Court under 28 U.S.C. § 1391(1) and (2) because this action seeks to determine an

39518656;1

interest in property located within Clark County, Nevada and because this lawsuit arises out of a foreclosure of real property located within Nevada.

8. The pre-litigation dispute resolution process set forth in NRS 38.300 *et seq.* is not applicable to this action and cannot restrict the jurisdiction of this court. To the extent any requirement of the statute is applicable to any portion of the claims asserted herein, that requirement has been constructively exhausted and further resort to administrative remedies would be futile because BNY Mellon submitted a demand for mediation to Nevada Real Estate Division (**NRED**) on or about June 23, 2016, but NRED has failed to schedule the mediation in the time period required by NRS 38.330(1).

## **GENERAL ALLEGATIONS**

9. Under Nevada state law, homeowners' associations have the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

10. When these assessments go unpaid, the association may impose a lien and then foreclose on a lien if the assessments remain unpaid.

11. NRS Chapter 116 generally provides a non-judicial foreclosure scheme for a homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

12. NRS 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

39518656;1

### The Deed of Trust and Assignment

13. On or about October 20, 2004 Alberto Gonzalez (**Borrower**) purchased the property. On November 21, 2006, Borrower obtained a loan from Republic Mortgage LLC d/b/a Republic Mortgage in the amount of $285,000.00 evidenced by a note and secured by a deed of trust (the **senior deed of trust**) recorded December 1, 2006. A true and correct copy of the senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 20061201-0004691**.

14. The senior deed of trust was assigned to BNY Mellon via an assignment of deed of trust recorded on August 25, 2011. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 201108250001725**.

### The HOA Lien and Foreclosure

15. On February 18, 2011, HOA, through its agent, NAS recorded a notice of delinquent assessment lien. Per the notice, the amount due to HOA was $1,061.00, which includes "late fees, collection fees and interest in the amount of $735.00." A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 201102180002056**.

16. On April 18, 2011, HOA, through its agent NAS, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. The notice states the amount due to HOA was $2,131.00, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 201104180003009**. The notice of default also does not specify the super-priority amount claimed by HOA and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

17. On August 22, 2011, HOA, through its agent NAS, recorded a notice of foreclosure sale. The sale was scheduled for September 16, 2011. The notice states the amount due to HOA was $3,355.72, which includes "reasonable estimated costs, expenses and advances[.]" A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 201108220000060**. The notice of sale does not identify the super-priority amount claimed by HOA and fails to describe the amount necessary to satisfy the lien required by NRS 116.311635(3)(a).

39518656;1

18. On December 17, 2012, HOA, through its agent NAS, recorded a second notice of foreclosure sale. The sale was scheduled for January 11, 2013. The notice states the amount due to HOA was $5,407.89, which includes "reasonable estimated costs, expenses and advances[.]" A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 201212170001078**. The notice of sale does not identify the super-priority amount claimed by HOA and fails to describe the amount necessary to satisfy the lien required by NRS 116.311635(3)(a).

19. In none of the recorded documents nor in any notice did HOA and/or its agent provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

20. In none of the recorded documents nor in any notice did HOA and/or its agent specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

21. In none of the recorded documents nor in any notice did HOA and/or its agent specify the senior deed of trust would be extinguished by HOA's foreclosure.

22. In none of the recorded documents nor in any notice did HOA and/or its agent identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of HOA's claimed lien.

23. The deficiencies in the notices notwithstanding, on or about June 17, 2011, after HOA recorded its notice of default, BAC Home Loans Servicing, LP (**BAC**), as loan servicer, remitted payment to HOA, through its agent NAS to satisfy the super-priority amount owed to HOA.

24. BAC had requested a ledger from HOA, through its agent NAS, identifying the super-priority amount allegedly owed to HOA. HOA, through its agent NAS, refused to identify the super-priority amount, and instead provided a ledger, dated June 7, 2011, identifying the total amount allegedly owed.

25. BAC and its counsel were forced to attempt to calculate the super-priority amount claimed by HOA by reference to the June 7, 2011 ledger provided by HOA through its agent NAS.

39518656;1

26. Based on the monthly assessment amount identified in HOA's June 7, 2011 ledger, BAC accurately calculated the true super-priority amount as $414.00, the sum of nine-months of common assessments as identified in HOA's ledger, and tendered that amount to HOA through its agent NAS on June 17, 2011. A true and correct copy of HOA's ledger and BAC's tender letter are attached as **Exhibit 1.** HOA, through its agent NAS, refused BAC's tender.

27. Despite the tender, HOA foreclosed on the property on or about January 11, 2013. A foreclosure deed in favor of 4856 Minturn Ave Trust was recorded January 16, 2013. A true and correct copy of the foreclosure deed is recorded with the Clark County Recorder as **Instrument No. 201301160001932**.

28. Upon information and belief, NAS wrote in the foreclosure deed that the sale price at the January 11, 2013 foreclosure sale was $10,500.00. HOA's sale of the property to 4856 Trust for less than 4% of the value of the unpaid principal balance on the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

29. On September 30, 2013 a Grant, Bargain, Sale Deed conveying the property to Saticoy was recorded in the Recorders office as **Instrument No. 201309300002474**.

## FIRST CAUSE OF ACTION

**(Quiet Title/Declaratory Judgment Against All Defendants)**

30. BNY Mellon repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

31. Pursuant to 28 U.S.C. § 2201 and NRS 30.040 *et seq.*, this Court is empowered to declare the rights of parties and other legal relations of parties regarding the property.

32. An actual controversy has arisen between BNY Mellon and defendants regarding the property. The senior deed of trust is a first secured interest on the property. As a result of the January 11, 2013 HOA foreclosure sale and subsequent deed, Saticoy claims an interest in the property, and on information and belief, asserts Saticoy owns the property free and clear of the senior deed of trust.

39518656;1

33. BNY Mellon's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

34. BNY Mellon is entitled to a declaration that HOA's foreclosure did not extinguish the senior deed of trust, or, alternatively, HOA's foreclosure is void.

*NRS Chapter 116 Violates BNY Mellon's Right to Procedural Due Process*

35. BNY Mellon asserts that Chapter 116 of the Nevada Revised Statutes' scheme of HOA super priority non-judicial foreclosure violates BNY Mellon's procedural due process rights under the state and federal constitutions.

36. The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution protect BNY Mellon from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

37. BNY Mellon asserts that there is no way to apply Nevada's scheme of non-judicial HOA super priority foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

38. The Nevada Constitution does not expressly set forth a state action requirement. Even if it did, and consistent with the state action requirements of the Federal Constitution, the state of Nevada has become sufficiently intertwined with HOA foreclosure such that state and federal procedural due process protections for BNY Mellon's deed of trust apply, to wit:

  a) The super priority lien did not exist at common law, but rather is imposed by statute.

  b) In order to conserve governmental resources and fund the quasi-governmental HOA, Nevada's legislature made super priority mandatory, expanded the super-priority duration from six to nine months, and declared it could not contractually subordinate its lien by provisions within a HOA's covenants, conditions, and restrictions.

  c) The super priority lien has no nexus whatsoever to a private agreement between the HOA and BNY Mellon, but, again, is imposed by legislative enactment.

39518656;1

   d) Nevada and Clark County mandated the creation of HOA as a quasi-governmental entity to perform governmental functions including maintaining the common open spaces and private streets within the HOA.

39. Since the state of Nevada is responsible for the creation of the super priority lien and has made it mandatory, then Nevada's HOA super priority foreclosure scheme is the result of state action subject to procedural due process safeguards.

40. On its face, Nevada's scheme of non-judicial HOA super priority foreclosure lacks any pre-deprivation notice requirements or post deprivation redemption options that are necessary components of due process:

   a) NRS 116.31162 and NRS 116.311635 do not require that an HOA provide BNY Mellon with written notice of the sum that constitutes the super priority portion of the assessment lien.

   b) Chapter 116 of NRS seeks to insulate its scheme of super priority non-judicial foreclosure by failing to provide any post-sale right of equity or redemption.

   c) Chapter 116 of NRS fails to provide BNY Mellon with a statutorily enforceable mechanism to compel an HOA to inform BNY Mellon of the sum of the HOA super priority amount.

41. As applied, the HOA non-judicial foreclosure violated state and federal procedural due process protections for BNY Mellon's deed of trust since BAC was not provided with any notice its physical delivery of a check for 9 months of assessments did not redeem the deed of trust's priority prior to the HOA foreclosure.

42. BNY Mellon requests that this Court void the HOA foreclosure sale or declare that Saticoy's title was acquired subject to the senior deed of trust because NRS 116's scheme of HOA super priority foreclosure violates the procedural process clauses of the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

*Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

43. The HOA sale is void or did not extinguish the senior deed of trust for additional

39518656;1

reasons stated below.

44. The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was calculated, when payment on the super-priority component was required, where payment was to be made or the consequences for failure to pay the super-priority component. Alternatively, the foreclosure sale is void.

45. The foreclosure sale did not extinguish the senior deed of trust because BAC tendered and satisfied the super-priority amount and HOA, through its agent NAS, wrongfully rejected the tender.

46. The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, HOA's wrongful rejection of the tender, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper perspective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for HOA, its agent, and the purchaser at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place. Alternatively, the foreclosure sale is void.

47. The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate BNY Mellon's rights to due process, as a result of HOA's failure to provide sufficient notice of the super-priority component of HOA's lien, the manner and method to satisfy it, and the consequences for failing to do so. Alternatively, the foreclosure sale is void.

48. The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate BNY Mellon's rights to due process, as a result of HOA's improper calculation of the super-priority component, its inclusion of charges that are not part of the super-priority lien

39518656;1

under Nevada law and its rejection of BAC's tender of the super-priority component of the lien. Alternatively, the foreclosure sale is void.

49. The foreclosure sale did not extinguish the senior deed of trust because Saticoy does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust, BAC's satisfaction of the super-priority component of HOA's lien, and the commercial unreasonableness of the HOA sale. Alternatively, the foreclosure sale is void.

50. BNY Mellon is entitled to a declaration, pursuant to 28 U.S.C. § 2201, NRS 30.040, and NRS 40.010, that the HOA sale did not extinguish the senior deed of trust.

51. BNY Mellon was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Breach of NRS 116.1113 against HOA and NAS)

52. BNY Mellon repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

53. NRS 116.1113 and common law provide that every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.

54. HOA undertook a duty to identify the super-priority amount to lenders and loan servicers like BNY Mellon and BAC, to notify them that their security interest was at risk, and to provide an opportunity to satisfy the super-priority amount to protect their security interest in the property.

55. HOA and its agent NAS breached their duty of good faith by not complying with the obligations in the CC&Rs by not identifying the super-priority amount of its lien for BNY Mellon or BAC, by not notifying BNY Mellon or BAC that their security interest was at risk, and by obstructing BNY Mellon's and BAC's ability to protect their security interest in the property.

39518656;1

56. If it is determined HOA's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, HOA's and its agent NAS's breach of its obligation of good faith will cause BNY Mellon to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

57. BNY Mellon was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**(Wrongful Foreclosure against HOA and NAS)**

58. BNY Mellon repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

59. To the extent defendants contend or the Court concludes HOA's foreclosure sale extinguished the senior deed of trust, the foreclosure was wrongful.

60. Because HOA and its agent NAS failed to give adequate notice and an opportunity to cure the deficiency, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

61. Because BAC satisfied the super-priority portion of HOA's lien prior to the foreclosure sale there was no default in the super-priority component of HOA's lien at the time of the foreclosure sale and the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

62. Because HOA and its agent NAS sold the property for a grossly inadequate amount, compared to the value of the property and amount of outstanding liens defendants contend were extinguished by the foreclosure sale, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

63. Because HOA and its agent NAS violated the good faith requirements of NRS 116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

39518656;1

64. If it is determined HOA's foreclosure sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, HOA's and its agent NAS's actions will cause BNY Mellon to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the sale, whichever is greater.

65. BNY Mellon was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### (Injunctive Relief against Saticoy)

66. BNY Mellon repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

67. BNY Mellon disputes Saticoy's claim it owns the property free and clear of the senior deed of trust.

68. Any sale or transfer of the property by Saticoy, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if the senior deed of trust still encumbers the property in first position and was not extinguished by the HOA sale.

69. BNY Mellon has a substantial likelihood of success on the merits of the complaint, and damages would not adequately compensate for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the property.

70. BNY Mellon has no adequate remedy at law due to the uniqueness of the property involved in this case and the risk of the loss of the senior security interest.

71. BNY Mellon is entitled to a preliminary injunction prohibiting Saticoy, or its successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

72. BNY Mellon is entitled to a preliminary injunction requiring Saticoy to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

39518656;1

## **PRAYER FOR RELIEF**

BNY Mellon requests the Court grant the following relief:

1. An order declaring that Saticoy's interest, if any, is subject to BNY Mellon's senior deed of trust;

2. In the alternative, an order that the HOA foreclosure sale, and any resulting foreclosure deed or subsequent deed, was void ab initio;

3. In the alternative, an order requiring HOA and NAS to pay BNY Mellon all amounts by which it was damaged as a result of HOA's and NAS's wrongful foreclosure and/or violation of the good faith provisions of NRS 116.1113;

4. A preliminary injunction prohibiting Saticoy, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

5. A preliminary injunction requiring Saticoy to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

39518656;1

6.  Reasonable attorneys' fees as special damages and the costs of suit; and

7.  For such other and further relief the Court deems proper.

## JURY DEMAND

BoNYM demands a jury on all triable issues.

DATED August 15, 2017.

**AKERMAN LLP**

*/s/ Tenesa S. Scaturro*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
TENESA S. SCATURRO, ESQ.
Nevada Bar No.12488
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144

*Attorneys for The Bank of New York Mellon f/k/a The Bank of New York as Trustee For The Certificateholders of The CWALT, Inc., Alternative Loan Trust 2007-OA2, Mortgage Pass-Through Certificates, Series 2007-OA2*

39518656;1