# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| The Bank of New York Mellon fka the Bank of New York, as trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2007-0A2, Mortgage Pass-through Certificates, Series 2007-0A2,<br><br>    Plaintiff<br>v.<br><br>Saticoy Bay LLC Series 4856 Minturn Ave., et al.,<br><br>    Defendants<br><br>ALL OTHER PARTIES AND CLAIMS | Case No. 2:17-cv-02192-JAD-EJY<br><br>**Order Granting<br>Summary Judgment on<br>Quiet-Title Claims**<br><br>[ECF No. 80] |

    The Bank of New York Mellon brings this action to challenge the effect of the 2013 non-judicial foreclosure sale of a home on which it claims a deed of trust. The bank sues the foreclosure-sale purchaser, Saticoy Bay, LLC Series 4856 Minturn Ave., seeking a declaration that the sale was invalid or that Saticoy Bay purchased the property subject to the bank's security interest. Saticoy Bay countersues for a declaration that it bought the property free and clear of the bank's lien. The bank moves for summary judgment.[1] Because the bank has demonstrated that its predecessor-in-interest validly tendered the superpriority portion of the HOA lien, saving the deed of trust from being extinguished in the foreclosure sale, I grant summary judgment in the bank's favor on the quiet-title claims.

---

[1] I find this motion suitable for disposition without oral argument. L.R. 78-1.

**Background**

Alberto Gonzalez refinanced the home at 4856 Minturn Avenue in Las Vegas, Nevada in 2006 with a $285,000 loan from Republic Mortgage, secured by a deed of trust.[2] Gonzalez transferred the property to Joel De Leon the following year[3] but the encumbrance stayed on the property, and the deed of trust was assigned to the plaintiff bank in 2011.[4] The home is located in the Montclaire Ridge planned-unit development and is subject to the governing documents for the Northgate Homeowners' Association (the HOA).[5]

The Nevada Legislature gave HOAs a superpriority lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes (NRS) a non-judicial foreclosure procedure for HOAs to enforce that lien.[6] Because the assessments on this home became delinquent, the HOA commenced non-judicial foreclosure proceedings on it under NRS Chapter 116 in 2011.[7]

When the then-servicer of the loan, Bank of America,[8] learned of the impending foreclosure, its counsel, the law firm of Miles, Bauer, Bergstrom & Winters, LLP, sent a letter to the HOA stating that its client "hereby offers to pay" the nine months of assessments for common expenses incurred before the date of the HOA's notice of delinquent assessment dated April 15, 2011, and asking the HOA to "refrain from taking further action to enforce this HOA

---

[2] ECF No. 80-1 (deed of trust).
[3] ECF No. 80-2 (grant, bargain, sale deed).
[4] ECF No. 80-4 at 2 (8/24/11 assignment from MERS to the plaintiff).
[5] ECF No. 80-1 at 15 (PUD rider).
[6] Nev. Rev. Stat. § 116.3116; *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (Nev. 2014).
[7] ECF Nos. 80-7 (notice of default and election to sell).
[8] *See* ECF No. 80-8 at 14.

lien until" the parties could "speak to attempt to fully resolve all issues."[9]  The HOA's agent Nevada Association Services, Inc. (NAS) responded with an account statement that reflected three outstanding quarterly assessments of $138.00 each, for a total of $414.00, plus late fees and other assessments, but no maintenance or nuisance-abatement charges.[10]

The Miles Bauer firm responded by sending a check for $414.00 along with a letter that explained that the firm was including a check to pay off the superpriority amount of the lien:

> Our client has authorized us to make payment to you in the amount of $414.00 to satisfy its obligations to the HOA as a holder of the first deed of trust against the property.  Thus, enclosed you will find a cashier's check made out to NEVADA ASSOCIATION SERVICES in the sum $414.00, which represents the maximum 9 months' worth of delinquent assessments recoverable by an HOA.[11]

The check[12] was refused and returned, and the HOA foreclosed on the property six months later.[13]  Saticoy Bay was the winning bidder at $10,500.[14]

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[15]  The bank filed this action to save its deed of trust from extinguishment, suing Saticoy Bay for quiet title and a declaration either that the foreclosure sale

---

[9] ECF No. 80-8 at 9–10.
[10] *Id*. at 12 (Northgate HOA ledger).
[11] *Id*. at 15 (cleaned up).
[12] *Id*. at 16, 7 (internal records reflecting 7/6/11 entry of "CHECK RETURNED").
[13] ECF No. 80-14 at 2 (foreclosure deed with sale date of 1/11/13).
[14] *Id*.
[15] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d at 419.

3

was void or it had no effect on the bank's deed of trust.[16] Saticoy Bay counterclaims for quiet title and a declaration that it owns the property free and clear of the deed of trust.[17]

The bank moves for summary judgment on these competing quiet-title claims.[18] It primarily argues[19] that its predecessor's tender of the full superpriority lien amount makes this case procedurally identical to *Bank of America v. SFR Investments Pool 1, LLC* ("*Diamond Spur*"), in which the Nevada Supreme Court held that "after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion," so the foreclosure-sale purchaser takes the property subject to the deed of trust.[20] Saticoy Bay argues that the bank's evidence of tender is inadmissible and, regardless, the equitable doctrines of waiver, estoppel, and unclean hands bar judgment in the bank's favor.[21]

---

[16] ECF No. 1. The bank also pled wrongful-foreclosure and breach-of-statute claims against the HOA and NAS. *Id*. The bank settled with the HOA, *see* ECF No. 80 at n.1, and NAS has never appeared in this case. While the bank also asserts a claim for "injunctive relief," it is not a true claim—but rather a prayer for relief that I find mooted by my ruling here.

[17] ECF No. 27 at 5 (Saticoy Bay's counterclaim).

[18] ECF No. 80. The court previously dismissed all claims as time-barred in 2019. ECF Nos. 46 (judgment), 68 (transcript of hearing). But that disposition was reversed on appeal, and this case was remanded "for further proceedings consistent with *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022)." ECF No. 73. In *Thunder Properties*, the Supreme Court of Nevada held that quiet-title claims like these are governed by a four-year statute of limitations (as I held when dismissing this case), but that the statutory period is not triggered by the foreclosure-sale date alone (and I had calculated the four-year period in this case based only on the foreclosure-sale date). On remand, I reopened the dispositive-motion period, ECF No. 84, and no party now challenges the timeliness of any claim under *Thunder Properties*. I construe that silence as a concession that this record would not support a finding of untimeliness under *Thunder Properties*, so I treat these claims as timely filed.

[19] ECF No. 80. The bank offers additional arguments including that (1) tender was excused based on NAS's well-known policy of rejecting checks and (2) the sale violated the automatic bankruptcy stay. Because I grant summary judgment based on the rejected tender alone, I need not and do no reach these alternative theories.

[20] *Bank of America v. SFR Investments Pool 1, LLC* ("*Diamond Spur*"), 427 P.3d 113, 121 (Nev. 2018) (en banc).

[21] ECF No. 85.

## Discussion

**A.  The tender of the superpriority amount cured the default, so Saticoy Bay took the property subject to the deed of trust.**

The bank argues that Miles Bauer's tender of $414.00, which consists of nine months' worth of assessments as calculated by the HOA itself, operated to discharge the HOA's superpriority lien and should have prevented the HOA from foreclosing on that lien.[22] The bank relies on *Diamond Spur*, in which the Nevada Supreme Court, sitting en banc, held that a nearly identical "tender cured the default as to the superpriority portion of the HOA's lien, [so] the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion. Accordingly, the HOA could not convey full title to the property, as [the] first deed of trust remained after foreclosure . . . [and the foreclosure-buyer] purchased the property subject to [the] deed of trust."[23] In *Diamond Spur*, just as here, the Miles Bauer firm contacted the HOA to get clarification on the superpriority amount due. Based on the information received from the HOA, the firm tendered nine months' worth of assessments to the HOA with a letter nearly identical to the one here.[24] And just as in this case, the HOA in *Diamond Spur* nevertheless sold the property at foreclosure.[25]

The Nevada Supreme Court explained that "[a] valid tender of payment operates to discharge a lien or cure a default."[26] Although a valid tender requires payment in full, for purposes of satisfying an HOA's superpriority lien and thus saving a deed of trust from

---

[22] ECF. No. 80 at 7–8.
[23] *Diamond Spur*, 427 P.3d at 121.
[24] *Id*. at 116.
[25] *Id*. at 116–17.
[26] *Id*. at 117.

5

extinguishment under the version of the foreclosure statute in effect in 2013, the bank needed to pay only "charges for maintenance and nuisance abatement, and nine months of unpaid assessments."[27] Because the bank properly calculated nine months' worth of assessments based on the HOA's information, "and the HOA did not indicate that the property had any charges for maintenance or nuisance abatement," the *Diamond Spur* Court found that, "[o]n the record presented, this was the full superpriority amount."[28]

*Diamond Spur* is dispositive of this case and compels summary judgment in favor of the bank. The record shows undisputedly that Miles Bauer validly tendered the full amount of the superpriority lien to the HOA. The only charges that could comprise the superpriority portion of the HOA's lien were "charges for maintenance and nuisance abatement, and nine months of unpaid assessments."[29] The HOA's own ledger, as maintained in the Miles Bauer file system, reflects no charges for maintenance or nuisance abatement and calculated the nine months of unpaid assessments at $414.00.[30] On this record, Miles Bauer's tender of $414.00[31] satisfied the full superpriority portion of the lien. So, as the Nevada Supreme Court held in *Diamond Spur*, the foreclosure sale on the entire lien resulted in a void sale as to the superpriority portion, the "first deed of trust remained after foreclosure," and "the HOA could not convey full title to the property."[32] The bank is therefore entitled to summary judgment on the competing quiet-title claims and a declaration that Saticoy Bay purchased the property subject to the deed of trust.

---

[27] *Id*. (citing Nev. Rev. Stat. § 116.3116(2) and *SFR*, 334 P.3d at 412).
[28] *Id.* at 118.
[29] *Id*. at 117 (citing Nev. Rev. Stat. § 116.3116(2) and *SFR*, 334 P.3d at 412).
[30] ECF No. 80-8 at 12.
[31] *See supra* at p. 3.
[32] *Diamond Spur*, 427 P.3d at 121.

**B.      Saticoy Bay's evidentiary objections are legally unsupportable.**

With no evidence of its own to create a genuine issue of fact, Saticoy Bay argues that "evidentiary issues" plague the bank's tender evidence, as the bank has not shown and cannot demonstrate that the Miles Bauer file documents are admissible.[33] But the old rule that documents must be admissible to be considered at summary judgment was essentially dropped from Federal Rule of Civil Procedure 56 when it was amended in 2010. Now, at summary judgment, "'we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.' If the contents of a document can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document—the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment."[34]

The documents that Saticoy Bay challenges here contain information that could be presented in an admissible form at trial. The foreclosure-sale purchaser's chief complaint is that the HOA account ledger (from which the $414.00 calculation was taken and which supports the bank's assertion that its $414.00 tender saved its interest from being wiped out at foreclosure) comes from Miles Bauer's files, not the HOA's. So the document is hearsay, it contends.[35] But the bank could call a representative from the HOA or its servicing agent NAS to testify to the amount of the assessments and confirm that those accrued in the nine months before the foreclosure sale totaled $414.00; Saticoy Bay hasn't demonstrated that it couldn't.

---

[33] ECF No. 85 at 7.

[34] *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)).

[35] ECF No. 85 at 8.

The Rules of Evidence also won't keep out the rest of the Miles Bauer documents that show that the $414.00 tender was made and refused. While Saticoy Bay contends that the bank's effort to authenticate those documents fails because the Miles Bauer representative who offers the authentication affidavit lacks "personal knowledge regarding the activity performed for the particular file,"[36] it grossly overstates the personal-knowledge requirement for introducing business records. The business-records exception to the hearsay rule (FRE 803(6)) "does not require the custodian of those records to have personal knowledge about the creation or accuracy of the business records."[37] "The Ninth Circuit liberally construes what it means to be a qualified witness for purposes of the business-records exception. The testifying witness need not be the custodian of the record, but only needs to demonstrate that []he is familiar with, and understands, the record keeping system."[38] The affidavit of Doug Miles, a managing partner at Miles Bauer, satisfies this requirement by explaining the file-maintenance system and his personal knowledge of it, and establishing that these tender-related documents meet all the requirements for the admission of business records.[39]

---

[36] *Id.*

[37] *Leupold & Stevens, Inc. v. Lightforce USA, Inc.*, 501 F. Supp. 3d 987, 1024 (D. Or. 2020).

[38] *In re Harms*, 603 B.R. 19, 29 (B.A.P. 9th Cir. 2019) (citing *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990), as amended on denial of reh'g (Apr. 23, 1991)) (cleaned up).

[39] *See* ECF No. 80-8 at 2–3.

**C.     Equitable doctrines do not apply.**

Finally, Saticoy Bay argues that "the doctrines of waiver, estoppel, and unclean hands are in play, and weigh against the Bank and favor of defendant," and the Supreme Court of Nevada's opinion in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp, Inc.* supports the proposition that "the court sits in equity" when determining this case.[40] But as the Ninth Circuit held when rejecting Saticoy's very same argument in *Nationstar Mortgage LLC v. Springs at Spanish Trail Association*, the *Shadow Wood* case "did not concern a valid tender of the superpriority portion of an HOA lien to preserve a first deed of trust, and the Court in *Diamond Spur* exercised no such discretion."[41] Plus, Saticoy Bay has offered no case in which conduct similar to the bank's here has been found preclusive of equitable relief, and I don't find the conduct here to rise to the level justifying application of any of these doctrines, given that the bank timely tendered the superpriority portion of the lien and that tender should have prevented the HOA foreclosure sale.[42]

---

[40] ECF No. 85 at 2–4 (citing *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016)).

[41] *Nationstar Mortgage LLC v. Springs at Spanish Trail Association*, 812 Fed. Appx. 526, 527 (9th Cir. 2020) (unpub.); *see also Ditech Fin., LLC v. Saticoy Bay LLC Series 7904 Limbwood*, 2022 WL 15761308, *2 (9th Cir., Oct. 19, 2022) (unpub.) ("Saticoy's arguments that the doctrines of waiver, equitable estoppel, and unclean hands preclude entry of summary judgment are not persuasive and were properly rejected by the district court given the facts surrounding Ditech's tender and Saticoy's failure to identify any case in which similar conduct by a lender's representative was found to be preclusive of equitable relief.").

[42] Saticoy Bay and its counsel have been chastised by the Ninth Circuit for obdurately recycling oft-rejected arguments. *See Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 959 n.5 (9th Cir. 2021) (collecting cases and summarizing, "[a]s this court has acknowledged on multiple occasions, most of Saticoy's arguments are clearly foreclosed by Ninth Circuit and Nevada Supreme Court decisions directly on point. Yet Saticoy continues to raise these arguments in superficially different forms. We again warn Saticoy not to pursue frivolous appeals.") (internal citations omitted).

**Conclusion**

The bank has established that its predecessor-in-interest validly tendered the superpriority portion of the lien amount, voiding the HOA's sale on the superpriority portion and causing the deed of trust to survive the foreclosure sale. I thus grant the bank's motion on this tender issue and enter summary judgment in favor of the bank on all claims between the bank and Saticoy Bay. IT IS THEREFORE ORDERED that the bank's motion for summary judgment **[ECF No. 80] is GRANTED**:

- Summary judgment is granted in favor of Plaintiff the Bank of New York Mellon fka the Bank of New York, as trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2007-0A2, Mortgage Pass-through Certificates, Series 2007-0A2 and against Saticoy Bay, LLC, Series 4586 Minturn Ave. on the equitable quiet-title claims based on valid tender;

- The bank's claims against the Northgate Homeowners Association are DISMISSED based on the bank's representation that it settled with this party during appeal; and

- The bank's fourth cause of action for injunctive relief is DISMISSED because injunctive relief is a remedy, not an independent cause of action, and also because it seeks a preliminary injunction during the pendency of this case, and the entry of final judgment on the claims by and between the bank and Saticoy Bay renders that "claim" moot.

So with good cause appearing and no reason to delay, IT IS FURTHER ORDERED THAT the Clerk of Court is directed to **ENTER PARTIAL FINAL JUDGMENT in favor of the Plaintiff Bank** of New York Mellon fka the Bank of New York, as trustee for the

Certificateholders of the CWALT, Inc., Alternative Loan Trust 2007-0A2, Mortgage Pass-through Certificates, Series 2007-0A2**, and against** Saticoy Bay, LLC, Series 4586 Minturn Ave **DECLARING that Defendant Saticoy Bay, LLC, Series 4586 Minturn Ave purchased the property at 4586 Minturn Ave., in Las Vegas, Nevada, subject to the deed of trust recorded in the Clark County records on 12/01/2006 as Document Number 20061201-0004691.**

This entry of this order leaves only the bank's claims against yet-to-appear party Nevada Association Services, Inc.  So IT IS FURTHER ORDERED that **the bank must take action to dismiss or move the claims against Nevada Association Services, Inc. forward within 10 days of this order** or this court will presume that those claims were abandoned and will dismiss them without prejudice with no further prior notice.

Dated: July 2, 2024

_____
U.S. District Judge Jennifer A. Dorsey